IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Criminal No. 07-788 JB |
| vs. | ) | Civil Case No. 16-240 JB/LAM |
| | ) | |
| **PHILLIP ANGEL GARCIA**, | ) | |
| | ) | |
| Petitioner. | ) | |

### UNITED STATES' RESPONSE TO MR. GARCIA'S
### MOTION TO CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255

The United States hereby responds to Petitioner's motion under 28 U.S.C. § 2255 (the "Motion") to correct sentence. The United States opposes Petitioner's motion and as grounds therefore provides the following:

### PROCEDURAL SUMMARY

On February 22, 2007, the Petitioner burglarized a home, stole a loaded firearm, and then fled from law enforcement in his vehicle in a high speed chase. Petitioner was ultimately apprehended, and he eventually pled guilty per a plea agreement that led to a sentence of 188 months imprisonment. Prior to sentencing, the United States filed an information stating that the Petitioner had four (4) predicate violent felonies under 18 U.S.C. § 924(e), making him an armed career criminal ("ACC").

The Petitioner filed no objections and made no arguments against any of the four (4) violent felonies that qualified him for an enhanced sentence as an ACC. Petitioner appealed to the Tenth Circuit, but only on the grounds regarding the denial of his motion to withdraw his guilty plea. *See United States v. Garcia*, 577 F.3d 1271 (10th Cir. 2009). Petitioner has now filed a motion alleging that his sentence should be corrected based on the Supreme Court case of

*United States v. Johnson*, 135 S.Ct. 2551 (2015), which declared the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), unconstitutional.[1] *See also, Welch v. United States*, 136 S.Ct. 1257 (2016) (*Johnson* applied retroactively on collateral review). The United States contends the Petitioner is still an armed career criminal and thus opposes the Motion for relief.[2]

## ARGUMENT

Petitioner had four (4) prior violent felonies at the time of his sentencing: residential burglary, robbery, arson, and possession of a deadly weapon by a prisoner. It is conceded that the conviction for possession of a deadly weapon by a prisoner, which fell under the now-jettisoned residual clause, no longer counts and is now washed-away by the new *Johnson* case. However, Petitioner still had three usable priors at the time of his sentencing: the burglary, the arson, and his New Mexico robbery conviction. Petitioner should, therefore, be denied *Johnson* relief and should serve out the remainder of his sentence. In his motion, the Petitioner makes arguments as to why his New Mexico robbery offense should also be taken out of the ACCA equation for his purposes.[3] The United States disagrees with said arguments and, more specifically, states as follows:

I.  THE OTHER *JOHNSON* CASE IS NOT RETROACTIVE.

Petitioner cites to a previous Supreme Court *Johnson* case in support of his argument that the New Mexico robbery cannot now be used for an ACCA sentence. This case is *Johnson v.*

---

[1] In *Johnson*, the Supreme Court voided the residual clause but left the other components of the ACCA intact.

[2] The United States does not share Mr. Garcia's sense of urgency as to his petition. Even if he were entitled to relief, which he is not, Defendant has yet to serve the statutory maximum of ten years imprisonment, as the date of his offense was in 2007. Moreover, counsel for the defendant estimates his "good time" ten-year calculation to occur by September or October of this year. *See* Defendant's Motion, page 4.

[3] In his Motion, Defendant takes no issue and makes no argument against his burglary and arson convictions counting as usable violent felonies under ACCA.

*United States*, 559 U.S. 133, 140 (2010), in which the Supreme Court held that under the ACCA "force" clause, physical force means violent force capable of causing physical pain or injury. *See United States v. Ramon Silva*, 608 F.3d 663, 669 (2010) (holding that "apprehension causing" aggravated assault was a violent felony under ACCA, as it met the *Johnson* threshold of force).

Whereas the new *Johnson* case that voids the residual clause is retroactive, the older *Johnson* case regarding the force clause is not retroactive. *See United States v. Johnson*, 776 F.3d 292, 295-296 (5th Cir. 2015). Undoubtedly, Petitioner's robbery offense qualified as a violent felony at the time he was sentenced, and Petitioner should not be afforded relief per a § 2255 motion where a subsequent decision is not retroactive especially where Petitioner did not raise any ACC arguments in the district court or on appeal.

II. THE FLORIDA BATTERY STATUTE IN *JOHNSON* IS DISTINGUISHABLE FROM NEW MEXICO'S ROBBERY OFFENSE.

The Supreme Court in *Johnson* distinguished physical force from intellectual or emotional force and ultimately held that Florida's battery offense did not meet the force clause, since the offense could be committed by the slightest touch on the shoulder. *Johnson*, 599 U.S. at 138. The *Johnson* case thus focused on a Florida crime that is distinguishable from New Mexico's robbery offense, which clearly states in its language that it requires the "use or threatened use of force." N.M. Stat. Ann. § 30-16-2. By comparison, the Florida battery statute is devoid of language referring to force.

Although the applicable definition is not the same as ACCA, it is still instructive to look at how courts have ruled that a Hobbs Act Robbery is a crime of violence that can support a 924(c) offense. *See e.g., United States v. Standberry*, 2015 WL 5920008, at *5 (E.D. Virgina 2015) ("This Court will join other courts in finding that Hobbs Act robbery contains as one of its

3

elements the actual, attempted, or threatened use of physical force…thereby constituting a crime of violence.") (citing cases therein). *See also, United States v. Castillo,* Document 313, Memorandum Opinion and Order, No. Cr. 15-0205 JH, Page 8 ("Even assuming Johnson's standard applies to § 924(e)(3), this Court is unconvinced *Johnson* created such a heightened threshold for the necessary amount of force to preclude Hobbs Act robbery categorically as a crime of violence.").

III. *UNITED STATES V. LUJAN*, 9 F.3D 890 (10TH CIR. 1993).

The Tenth Circuit in *United States v. Lujan*, 9 F.3d 890 (10th Cir. 1993), determined that Petitioner's New Mexico's robbery offense did fit within the force clause under ACCA. Although *Lujan* is an old case and was years before the ACCA was discombobulated by successive Supreme Court decisions, this case has nonetheless yet to be overruled by the Tenth Circuit. Its reference to New Mexico's robbery offense as qualifying under the force clause of the ACCA also cannot be dismissed as dicta or a type of side-reference. Granted, the *Lujan* opinion is not overwhelming in its analysis, it still directly made a holding as to Petitioner's conviction. *See United States v. Torres-Castro*, 374 F.Supp.2d. 944, 1019 (D. New Mexico 2005) (a district court must follow Tenth Circuit law).

And, as stated previously, the robbery offense certainly counted at the time Petitioner was sentenced. In support of his arguments, Petitioner cites to multiple authorities outside of the Tenth Circuit, including the *McCarthan* opinion out of the 11th Circuit (*citation omitted*). Even if *McCarthan* was Tenth Circuit controlling authority, it is distinguishable from the case at hand. In *McCarthan*, the defendant received no notice as to what convictions the government thought qualified him as an armed career criminal, which was the crux of the *McCarthan's* court's

concern: that a defendant be given notice in order to have the opportunity to object and litigate prior convictions at the sentencing.

Here, Petitioner was put on notice by way of the Government's information that stated that Petitioner had four (4) usable priors, including the robbery conviction at issue. Prior to sentencing, Petitioner filed no objections to the government's information. At sentencing, upon information and belief, no oral objections were made to the government's information nor to any of the four (4) violent ACCA felonies or the sentence at large.

## CONCLUSION

WHEREFORE, the United States moves the Court to deny Petitioner's motion to correct his sentence on grounds that Petitioner is still an armed career criminal.

Respectfully submitted,

DAMON P. MARTINEZ
United States Attorney

Electronically filed 5/16/2016
DAVID M. WALSH
Assistant United States Attorney
P.O. Box 607
Albuquerque, New Mexico 87103
(505) 346-7274

I HEREBY CERTIFY that I electronically filed
the foregoing with the Clerk of the Court
using the CM/ECF system which will send
notification to defense counsel.

Electronically filed May 16, 2016
DAVID M. WALSH
Assistant United States Attorney