## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       **Plaintiff/Respondent,**

v.                          **No. CV 16-0240 JB/LAM**
                                    **CR 07-0788 JB**

PHILLIP ANGEL GARCIA,

       **Defendant/Movant.**

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

**THIS MATTER** is before the Court on Defendant/Movant's (hereinafter "Defendant")

§ 2255 motion to correct his sentence, [*Doc. 1*],[2] filed on March 30, 2016.   Plaintiff/Respondent

(hereinafter "the Government") filed a response on May 16, 2016 [*Doc. 6*], and Defendant filed a

reply on May 27, 2016 [*Doc. 7*].   United States District Judge James O. Browning referred the

claims raised in this case to the undersigned for proposed findings and a recommended disposition,

and a hearing, if necessary.   [*Doc. 4*].   On May 27, 2016, Defendant filed a motion to expedite

the Court's decision [*Doc. 8*], to which the Government has not responded, and, on June 24, 2016,

Defendant filed a supplement to his motion for expedited decision [*Doc. 12*].   In addition, on

---

[1] **Within fourteen (14) days after a party is served with a copy of these proposed findings and recommended disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommended disposition.   A party must file any objections with the clerk of the United States District Court for the District of New Mexico within the fourteen (14) day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition.   If no objections are filed, no appellate review will be allowed.   Pursuant to Fed. R. Civ. P. 72(b)(2), a party may respond to another party's objections within fourteen (14) days after being served with a copy of the objections.**

[2] Hereinafter, all documents from Case No. CIV-16-0240 cited in this decision will be designated as "*Doc.*" followed by their docket number.

July 14, 2016, the United States Probation and Pretrial Services Office filed a Retroactive Sentencing Review Memorandum [*Doc. 13*], on July 20, 2016, Defendant filed objections to that memorandum [*Doc. 15*], and, on August 18, 2016, the Probation and Pretrial Services Office filed a revised sentencing review memorandum [*Doc. 19*].   On August 11, 2016, the Government filed a ***Supplemental Government Response/Notice of Concession (Doc. 17)***.   Having considered the parties' briefing, relevant law, and the record in this case and in Defendant's underlying criminal case contained in Case No. CR-07-0788, the undersigned recommends, for the reasons set forth below, that the claims raised in Defendant's § 2255 motion [*Doc. 1*] be **GRANTED** and that Defendant be resentenced.

In his § 2255 motion, Defendant contends that his sentence is unconstitutional pursuant to the United States Supreme Court's recent decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015).   [*Doc. 1* at 2].   Defendant states that, in his underlying criminal case, this Court found that the Armed Career Criminal Act ("ACCA") governed his sentence and that the Court relied on Defendant's convictions for arson, residential burglary, and possession of a deadly weapon by a prisoner to support his ACCA sentence.   *Id.* at 1.   Defendant contends that his conviction for possession of a deadly weapon by a prisoner was a conviction for a violent felony under the ACCA solely on the grounds that it fit within the residual clause, which was found to be unconstitutionally vague in *Johnson*.   *Id.* at 1 and 13-14.   Because the ACCA requires three previous convictions for a violent felony or a serious drug offense, and Defendant "only has at most two, not three, previous convictions for 'violent felonies' that the district court relied on," Defendant contends that he is not subject to the ACCA.   *Id.* at 14.   In addition, Defendant contends that his conviction for robbery does not justify an ACCA enhancement because New Mexico's third-degree robbery statute does not require sufficient force to fall within the ACCA's "physical force" clause.   *Id.*

at 17 (citing *Johnson v. United States*, 559 U.S. 133, 140 (2010) ("*Johnson I*")).   Based on these arguments, Defendant asks the Court to vacate his sentence and resentence him to no more than the ten-year maximum sentence he would be subject to absent the ACCA finding.   *Id.* at 2 and 14.

In its response, the Government concedes that Defendant's conviction for possession of a deadly weapon by a prisoner no longer supports Defendant's ACCA eligibility.   [*Doc. 6* at 2]. Nevertheless, the Government initially contended that Defendant had four predicate violent felonies under the ACCA -- burglary, robbery, arson, and possession of a deadly weapon by a prisoner -- and that, even absent the possession of a deadly weapon by a prisoner conviction, Defendant still has three usable predicate convictions.   *Id.*   The Government further contended that *Johnson I* is not retroactive and that Defendant's robbery offense qualified as a violent felony at the time he was sentenced.   *Id.* at 2-3.   Similarly, the Probation and Pretrial Services office initially filed a sentencing review memorandum stating that Defendant's remaining convictions for robbery, burglary, and arson all meet the definition of violent felonies, so Defendant is an armed career criminal and is not eligible for a sentence reduction.   [*Doc. 13*].

On August 11, 2016, however, the Government filed a supplemental response stating that "in another case[,] the [G]overnment has conceded that New Mexico's robbery statute is not a violent felony for purposes of the [ACCA]."   [*Doc. 17*] (citing to *United States v. Sanchez*, 13-CR-961, 16-CIV-659).   The Government further states that its "initial response in this case was filed prior to the formation of a committee designed to uniformly determine *Johnson* 2255 matters," and that "the United States seeks to withdraw its argument as to non-retroactivity, as it has been learned subsequent to the filing of the initial response that the department has advised against making such procedural arguments."   *Id.*   Furthermore, on August 18, 2016, the Probation and Pretrial Services office filed a revised memorandum stating that Defendant's

robbery conviction is <u>not</u> a violent felony and that Defendant is eligible for resentencing. [*Doc. 19*].   Based on the Government's concessions, and it appearing that Probation and Pretrial Services agree, the Court finds that Defendant no longer has three predicate felonies with which to form the basis for an ACCA finding.

**IT IS HEREBY RECOMMENDED**, for the reasons stated above, that Defendant's § 2255 motion [*Doc. 1*] be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that Defendant's motion for expedited decision [*Doc. 8*] be **DENIED as moot**.

**IT IS FURTHER RECOMMENDED** that the Court **VACATE** Defendant's sentence, **ORDER** an updated sentencing memorandum, and set this case for resentencing as soon as possible.

_Lourdes A. Martinez_
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**