IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                    Nos. CIV 16-0240 JB/LAM
                                                           CR 07-0788 JB

PHILLIP ANGEL GARCIA,

      Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Magistrate Judge's Proposed Findings and Recommended Disposition, filed August 18, 2016 (Doc. 20)("PFRD"). The Court has concerns about the PFRD, largely because Plaintiff United States of America has taken inconsistent positions before the Court, and because it is now making concessions that are inconsistent with the position that the Court, at the United States' urging, has recently adopted. Accordingly, the Court asks the Honorable Lourdes A. Martinez, United States Magistrate Judge, and the United States Attorney, to do certain things as are set forth herein.

In United States v. Barela, No. CR 15-3550 JB, Assistant United States Attorney David Walsh, filed United States' Response to Defendant's Amended Objections to Pre-Sentence Report, filed July 26, 2016 (Doc. 39)("Response"), arguing that robbery in New Mexico, NMSA § 30-16-2, is a violent felony under the Armed Career Criminal Act. See Response at 1-3. The United States Probate Office agreed with that position. See Presentence Investigation Report at 5, filed May 26, 2016 (Doc. 30)("PSR"). The Court agreed with the United States and the USPO, and provided:

      Under the Guidelines, a "crime of violence" can in part be any offense

under "federal or state law punishable by imprisonment for a term exceeding one year[] that . . . has as an element the use, attempted use, or threatened use of physical force against the person of another . . . ." U.S.S.G. § 4.B1.2(a)(1). The Guidelines then enumerate a list of several crimes that can constitute crimes of violence. See U.S.S.G. § 4.B1.2(a)(2). These offenses include "burglary of a dwelling, arson, or extortion, [and crimes that] involve[] the use of explosives . . . ." U.S.S.G. § 4.B1.2(a)(2). Although § 4B1.2(a)(2) further states that crimes of violence may also include crimes that "otherwise involve[] conduct that presents a serious potential risk of physical injury to another," the Supreme Court has held identical language in the Armed Career Criminal Act, 18 U.S.C. § 924(3)(2)(B)(ii) to be unconstitutionally vague. Johnson v. United States, 135 S. Ct. 2551, 2554 (2015)("Johnson"). Every Court of Appeals except the Eleventh Circuit has "held or assumed that Johnson makes the language in § 4B1.2(a)(2) of the Sentencing Guidelines unconstitutional." In re Clayton, 2016 WL 3878156, at *1 (11th Cir. July 18, 2016)(Martin, J., concurring). See United States v. Soto–Rivera, 811 F.3d 53 (1st Cir. 2016); United States v. Welch, ___ F. App'x ___, 2016 WL 536656 (2d Cir. Feb. 11, 2016); United States v. Townsend, 638 F. App'x 172 (3d Cir. 2015); United States v. Frazier, 621 F. App'x 166 (4th Cir. 2015); United States v. Estrada, No. 15-40264, Order (5th Cir. Oct. 27, 2015); United States v. Pawlak, 822 F.3d 902 (6th Cir. 2016); Ramirez v. United States, 799 F.3d 845 (7th Cir. 2015); United States v. Taylor, 803 F.3d 931 (8th Cir. 2015); United States v. Benavides, 617 F. App'x 790 (9th Cir. 2015); United States v. Madrid, 805 F.3d 1204 (10th Cir. 2015); In re Booker, No. 16-3018, Order (D.C. Cir. June 10, 2016).

      The Tenth Circuit expressly provides that "the residual clause is unconstitutionally vague, and cannot be used to justify the enhancement of [a defendant's] sentence." United States v. Madrid, 805 F.3d at 1210. Accordingly, the Court concludes that it cannot use the residual clause in § 4B1.2(a)(2) for classifying robbery as a predicate prior offense of conviction.[1]

      Still, the Tenth Circuit directs district courts to otherwise determine whether robbery is a crime of violence, in accordance with the Guidelines, by inquiring whether: (i) "it is one of the offenses enumerated in the Guidelines or accompanying commentary as a crime of violence;" or (ii) "it 'has as an element the use, attempted use, or threated use of physical force against the person of another.'" United States v. Madrid, 805 F.3d at 1207 (quoting U.S.S.G. §4B1.2(a)(emphasis added)). In fact, the Guideline's accompanying commentary lists "robbery" as a crime of violence. See U.S.S.G. § 4B1.2 cmt., n.1. Such commentary is authoritative "unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline." Stinson v. United States, 508 U.S. 36, 38 (1993).

      Moreover, the Application Notes to § 2K2.1 -- the section under which the

---

[1]Three months ago, the Supreme Court granted certiorari to determine whether Johnson's vagueness analysis applies to invalidate § 4B1.2's residual clause. See Beckles v. United States, No. 15-8544, 2016 WL 1029080 (U.S. June 27, 2016).

PSR determines the base offense level -- state that "crime of violence" has "the meaning given that term in § 4B1.2(a) and Application Note 1 of the Commentary to § 4B1.2." U.S.S.G. § 2K2.1 App., Note 1. Under the Tenth Circuit's analysis, then, because robbery is listed as an enumerated crime of violence in the accompanying commentary, it constitutes a crime of violence -- so long as New Mexico's robbery definition largely aligns with the generic definition. See United States v. Madrid, 805 F.3d at 1207 (stating that an offense qualifies as a crime of violence if either: (i) the crime includes the element of force against another person; or (ii) it "is one of the offenses enumerated in the Guidelines or accompanying commentary" (emphasis added)). See also United States v. Kornegay, 2016 WL 877950, at *4 (2d Cir. March 8, 2016)(concluding that, because "robbery is specifically listed as a crime of violence in the applicable Guidelines Commentary," the Second Circuit could affirm the defendant's sentence without resorting to the residual clause); United States v. Mobley, 687 F.3d 625, 629 (4th Cir. 2012)(stating that "[t]he crimes specified in Application Note 1 of the Commentary to § 4B1.2 serve as additional enumerated offenses"); United States v. Hinton, 2016 WL 632447, at *2 (E.D.N.C. Feb. 17, 2016)(Flanagan, J.)(stating that § 4B1.2, n.1 "suggest[s that] offenses enumerated in Application Note 1 may be considered crimes of violence under either § 4B1.2(a)(1) or (2)").

In considering its inclusion amongst the enumerated offenses, the Court must define robbery in "the generic sense in which the term is . . . used in the criminal codes of most states," and then compare those elements to the relevant prior offense of conviction. Taylor v. United States, 495 U.S. 575, 598 (1990). Generally, "robbery" is defined as a "common-law felony" that requires a trespassory taking and carrying away of the personal property of another with the intent to steal it, where that property is taken from the person or presence of the other, and the taking is accomplished by means of force or putting in fear. United States v. Hinton, 2016 WL 632447, at *3 (citing Wayne R. LaFave, Substantive Criminal Law § 20.3 (2d ed.)). New Mexico's statute adheres to that definition. See N.M. Stat. Ann. § 30-16-2. Under the prevailing, generic definition, New Mexico's crime of common-law robbery thus categorically qualifies as the enumerated offense of "robbery."

Furthermore, the Tenth Circuit has already concluded that New Mexico's robbery statute constitutes a crime of violence under § 4B1.2(a)(1). See United States v. Lujan, 9 F.3d 890, 892 (10th Cir. 1993)("The New Mexico robbery statute also contains the required element of force . . . ."). As mentioned, Section 4B1.2(a)(1) in part defines "crime of violence" as being any federal or state offense that is punishable by more than one year in prison, and contains an element involving "the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 4B1.2(a). New Mexico's robbery definition "consists of the theft of anything of value from the person of another or from the immediate control of another, by use or threatened use of force or violence." N.M. Stat. Ann. § 30-16-2 (emphasis added). Contrary to Barela's objection, then, New Mexico's robbery statute specifies that the use of force must be against "the person of another" by providing that the defendant

- 3 -

>must take a thing of value from another person or that person's immediate control "by use or threatened use of force or violence." N.M. Stat. Ann. § 30-16-2 (emphasis added). Cf. United States v. Kornegay, 2016 WL 877950, at *4 (concluding that New York's robbery definition constitutes a "crime of violence" under § 4B1.2(a)(1), because it "prohibits '*forcibly* steal[ing] property'")(emphasis and alterations in original)). The Tenth Circuit thus expressly found that the "New Mexico robbery statute also contains the required element of force" and that the district court appropriately used the robbery conviction to enhance a defendant's sentence. United States v. Lujan, 9 F.3d at 892. The Court therefore overrules Barela's first objection, because robbery constitutes a "crime of violence."

United States v. Barela, No. CR 15-3550 JB, Memorandum Opinion and Order at 1-5, filed September 16, 2016 (Doc. 44).

Now, Mr. Walsh says that his office has taken a different position -- that New Mexico's robbery statute is not a violent felony for ACCA's purposes -- in United States v. Sanchez, No. CIV 16-0659 JAP/GBW, No. CR 13-0961 JAP/GBW, and so it is now going to take a different position in this case from the position that it took in the Court's case of United States v. Barela. See Supplemental Governmental Response/Notice of Concession at 1, filed August 11, 2016 (Doc. 17).

Accordingly, the Court asks the United States to answer the following questions:

1. If the Court holds that Defendant Phillip Angel Garcia has four predicate violent felonies under ACCA and that, even absent the possession of a deadly weapon by a prisoner, Garcia still has three useable predicate convictions, will the United States defend on appeal the Court's decision to use predicate convictions that Judge Conway and the USPO, at the time of sentencing, did not use? Will it defend the Court's procedure or will it confess error? The Court is having a hard time seeing why it should set aside a conviction if, at the new sentencing, it is going to still find that he has three violent predicate convictions.

2. If the Court determines that Johnson v. United States, 559 U.S. 133, 140 (2010)("Johnson 1"), is not retroactive, will the United States defend that position or confess

error?

       3.  If the Court determines that, in relevant part, the Florida battery statute in <u>Johnson 1</u> cannot be distinguished from New Mexico's robbery offense, will the United States defend that position or confess error?

       4.  If the Court determines that New Mexico's robbery statute is a violent felony for ACCA purposes -- as the United States argued on July 27, 2016, in <u>United States v. Barela</u> -- will the United States defend that position on appeal or confess error?  The Court is having a harder time ignoring the United States Court of Appeals for the Tenth Circuit decision, in <u>United States v. Lujan</u>, 9 F.3d 890 (10th Cir. 1993), than the parties and the USPO are apparently having.

       The Court directs that Mr. James Braun shall sign the United States' answers to all of these questions.

       As well, the PFRD is heavily dependent on the United States' concessions and does not contain much independent analysis.  The Court thus respectfully requests that Judge Martinez produce another PFRD that ignores the United States concessions and analyzes all issues independently.  See <u>United States v. One Parcel of Real Prop., with Buildings, Appurtenances, Improvements, and Contents, Known as: 2121 East 30th Street, Tulsa, Okla.</u>, 73 F.3d 1057, 1059 (10th Cir. 1996)(holding that a judge of the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.")(citing 28 U.S.C. § 636(b)(1)(c)).

       The Court values, seeks, and asks for Judge Martinez' independent analysis on all the

- 6 -

issues that Garcia's motion raises, given the inconsistency of the United States' position.

**IT IS ORDERED** that: (i) the Magistrate Judge's Proposed Findings and Recommended Disposition, filed August 18, 2016 (Doc. 20), is remanded to the Honorable Lourdes A. Martinez, United States Magistrate Judge, for an evaluation of all issues that the Defendant's Mr. Garcia's Motion to Correct Sentence Pursuant to 28 U.S.C. § 2255, filed March 30, 2016 (Doc. 1), raises, without consideration of Plaintiff United States of America's current position and concessions; and (ii) the United States shall answer the questions set forth in this Order.

                                        _____
                                        UNITED STATES DISTRICT JUDGE

*Counsel*

Michael A. Keefe
Federal Public Defender
Albuquerque, New Mexico

      *Attorney for the Defendant/Movant*

Damon P. Martinez
   United States Attorney
David M. Walsh
   Assistant United States Attorney
United States Attorney's Office
Albuquerque, New Mexico

      *Attorneys for the Plaintiff/Respondent*